FLORENCIA OROZCO DEL VALLE, Plaintiff and Appellant, *v.* THE COMMONWEALTH OF PUERTO RICO, Defendant and Appellee.

No. 12433. Submitted June 23, 1958.—Decided June 30, 1958.

*Raimundo Suárez Lazú* for appellant. *J. B. Fernández Badillo, Attorney General, Arturo Estrella, Assistant Attorney General,* and *Juan Pedrosa, Jr.* and *Fausto Ramos Quirós, Assistants for the Attorney General,* for appellee.

PER CURIAM.

This is a complaint for damages against the Commonwealth of Puerto Rico for the sum of $15,000. The lower

court pronounced judgment dismissing the complaint, based on the following conclusions:

A.                    "FINDINGS OF FACT

1—That the plaintiff, Florencia Orozco del Valle, was the wife of Pascasio Orozco Gómez.

2—That on January 1, 1956, Pascasio Orozco Gómez was found dead on kilometer 9 of highway No. 183, which is a public thoroughfare under the care, maintenance and control of the Department of Public Works of the Commonwealth of Puerto Rico.

3—That the aforementioned highway is utilized by thousands of vehicles and persons, during the daytime as well as at nighttime.

4—That the site where Pascasio Orozco Gómez was found dead is a culvert in the upper part by highway No. 9 and under which a small brook flows.

5—That highway No. 183, in the location where Pascasio Orozco Gómez was found, has an asphalt area of 16 feet, with a foot path on both sides measuring about 2 feet.

6—That from the top of the highway to the brook that runs under the culvert there is an altitude of 26 feet 3 inches. (See photographs submitted as evidence, where the exact measurements are indicated.)

7—That on December 31, 1955, Pascasio Orozco Gómez was drinking in the company of other persons and at nighttime he was seen along highway No. 183 in a complete state of drunkenness, staggering and falling (see the police report submitted as evidence by stipulation of the parties). Exh. 1 Defendant.

8—Highway No. 183 was constructed thirty or forty years ago and the only accident that has occurred in the site herein took place about ten years ago, without any lamentable results.

9—Pascasio Orozco Gómez was perfectly familiar with this part of highway No. 183, since he lived in the vicinity of kilometer 9 for many years and to go to work he passed by the mentioned culvert daily."

B.                    "CONCLUSION OF LAW

That in the death of Pascasio Orozco Gómez, neither the Department of Public Works of Puerto Rico nor any official or agent of the Commonwealth of Puerto Rico committed any

act of guilt, negligence or carelessness or any action or omission and, therefore, the latter is not bound to compensate the damages that the plaintiff might have suffered on account of the death of her husband."

The appellant filed her brief on April 17, 1958. The appellee requested an extension to file its brief, which expired on June 16, 1958. Nevertheless, since an additional extension was not requested by the Attorney General, the case was submitted without brief on the part of the Commonwealth of Puerto Rico.

Before us the appellant points out that the lower court erred: (1) "In arriving at conclusions of law which were not sustained by the findings of fact or by evidence"; (2) "In deciding the case without making any conclusion regarding a possible hazardous condition in the bridge that could have been the proximate cause of the death of Pascasio Orozco Gómez"; (3) "In the weighing of the evidence herein."

■ The first error has no merit. Sufficient evidence was presented at the trial which was believed by the judge to the effect that the death of Pascasio Orozco came about by his own negligence or fortuitously, and that there was no guilt or negligence on the part of the defendant. In effect, although there were no railings on the bridge it was proved that on the night of December 31, 1955, Orozco was walking over the bridge in a drunken state, staggering, falling and standing up again. On the other hand, on the bridge where Orozco suffered that same night the fall that caused his death, the parties stipulated that the highway had an asphalt section of 16 feet and a footpath 2 feet wide on both sides. Consequently, weighing the evidence as a whole, it may be inferred that the damage produced by the death of Orozco is not imputable to guilt or negligence on the part of the Commonwealth of Puerto Rico. There cannot exist any obligation to repair a damage not caused by action or fault or negligent omission on the defendant side.

■ The second error assigned also lacks merit. The trial court impliedly determined that the absence of railing in the bridge was not the proximate cause of the death of Orozco. Besides, to impute responsibility on the defendant, it is not enough that there existed a hazardous condition in the bridge, if this was not the cause of damage. As we pointed out, the fall that caused the death of Orozco was due to his own negligence or to a fortuitous cause but not to guilt or negligence on the part of the Commonwealth of Puerto Rico. Obviously the defendant is not bound to repair the damage sought to be recovered in this suit, since there exists no relation of causality between the alleged hazardness of the bridge and the death of Orozco.

■ As to the third error we believe that, in view of the evidence introduced, there exists no basis to set aside the findings of fact of the trial court. Said findings, to our judgment, are not clearly erroneous, because there is strong oral and documentary evidence in the record to support them. See 32 L.P.R.A. App., R. 52; *Carrion* v. *Treasurer*, 79 P.R.R. 350, 363–65 (1956); *Ochoa* v. *Compañia Ron Carioca*, 79 P.R.R. 810, 811 (1957); *Wolff* v. *Hernández*, 76 P.R.R. 608, 618 (1954); *Heirs of Marrero* v. *Santiago*, 74 P.R.R. 763, 768 (1953); *Santiago* v. *Rodríguez*, 72 P.R.R. 253, 261 (1951).

For the reasons stated, the judgment appealed from will be affirmed.